UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRYEL LANIER WILLIAMS,

    Petitioner,

v.                                                        Case No. 8:20-cv-2500-T-36JSS

LAUREL M. LEE,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's Motion to Sanction (Doc. 1) which is construed as a petition for the writ of mandamus.[1] Petitioner, a Florida prisoner, petitions the Court to direct Respondent (Florida's Secretary of State) to comply with his request to provide him copies of oaths of office of several state officials. Petitioner contends that he is entitled to copies of the oaths of office under Florida's public records law.

Although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties,[2] United States courts do not have jurisdiction to issue writs of mandamus to direct state officials in the performance of their duties. *Lamar v. 118th Judicial Dist. Court*, 440 F.2d 383 (5th Cir. 1971) (concluding that federal courts have no general power to issue writs of mandamus

---

[1] "The writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979).

[2] *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added).

1

to compel state judicial officers to perform their duties);[3] *Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010) (unpublished) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384).

Because Respondent is a state official, this Court has no mandamus jurisdiction over her. Consequently, this Court lacks authority to grant the relief requested by Petitioner.

Accordingly, Petitioner's construed motion for the writ of mandamus (Doc. 1) is **DENIED**. The **Clerk** is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*

---

[3] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).